Brandon D. Minde, Esq. (027972004)
Dughi, Hewit & Domalewski, P.C.
340 North Avenue
Cranford, New Jersey 07016
908-272-0200
Attorney for Defendants
Corrections Officer Lonnie Wiggins and
Corrections Officer Earl Walker

In the United States District Court
For the District Court of New Jersey

| | |
|---|---|
| PIETRO PARISI, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONS OFFICER LONNIE WIGGINS, CORRECTIONS OFFICER EARL WALKER, MS. G. KLOS, MR. GONZALEZ, MS. MADRU, DR. DOREEN STANZIONE AND JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No.: 2:23-cv-00372-MCA-CLW<br>CIVIL ACTION<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

   DUGHI, HEWIT & DOMALEWSKI, P.C., on behalf of Defendants, Corrections Officer Lonnie Wiggins and Corrections Officer Earl Walker ("Officer Defendants"), through their counsel, Brandon D. Minde, Esq., hereby answer Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

   1.  Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  Additionally, all claims for damages brought pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, against Officer Defendants in their official capacities have been

dismissed with prejudice pursuant to the Court's May 31, 2024 Order (ECF No. 39) and, therefore, require no response. To the extent facts are otherwise remaining, Officer Defendants deny the remaining allegations in this paragraph of the Complaint.

2. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

3. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations, they are hereby denied.

4. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Additionally, all claims for damages brought pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, against Officer Defendants in their official capacities have been dismissed with prejudice pursuant to the Court's May 31, 2024 Order (ECF No. 39) and, therefore, require no response. To the extent that this paragraph of the Complaint makes claims and allegations against Officer Defendants, they deny all allegations in this paragraph of the Complaint. Officer Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.

5. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Further, the allegations contained in this paragraph are not directed at Officer Defendants and therefore make no response thereto, except that said allegations are denied insofar as they may be construed as being against Officer Defendants.

6. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Further, the allegations contained in this paragraph are not directed at officer Defendants and therefore make no response thereto, except that said allegations are denied insofar as they may be construed as being against Officer Defendants.

7. **Jurisdiction:** Officer Defendants make no answer to this paragraph, including subsections (a) through (d), because it calls for conclusions of law to which no responsive pleading is required.

8. Officer Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Plaintiff to his proofs.

9. **Place of Present Confinement:** Officer Defendants admit that Plaintiff is civilly committed and presently confined at the Special Treatment Unit in Avenel, New Jersey, pursuant to the Sexually Violent Predator Act.

10. **Parties:**

a. Officer Defendants admit the allegations in this paragraph of the Complaint.

b. Officer Defendants admit that Lonnie Wiggins was a Corrections Officer employed by the New Jersey Department of Corrections in 2021. All claims for damages brought pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, against Officer Defendants in their official capacities have been dismissed with prejudice pursuant to the Court's May 31, 2024 Order (ECF No. 39) and, therefore, require no response. Officer Defendants deny all other allegations in this paragraph of the Complaint.

    c. Officer Defendants admit that Lonnie Wiggins was a Corrections Officer employed by the New Jersey Department of Corrections in 2021. All claims for damages brought pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, against Officer Defendants in their official capacities have been dismissed with prejudice pursuant to the Court's May 31, 2024 Order (ECF No. 39) and, therefore, require no response. Officer Defendants deny all other allegations in this paragraph of the Complaint.

    d. This paragraph is not directed toward Officer Defendants and, therefore, no response is required. To the extent that a response is required, Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

    e. This paragraph is not directed toward Officer Defendants and, therefore, no response is required. To the extent that a response is required, Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

    f. This paragraph is not directed toward Officer Defendants and, therefore, no response is required. To the extent that a response is required, Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

    g.  This paragraph is not directed toward Officer Defendants and, therefore, no response is required. To the extent that a response is required, Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

    h.  This paragraph is not directed toward Officer Defendants and, therefore, no response is required. To the extent that a response is required, Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

  11.  **Previous Relief Sought:** Officer Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint and therefore leave plaintiff to his proofs.

## STATEMENT OF CLAIMS

  12.  Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

  13.  Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

  14.  Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

15. Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

16. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

17. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

18. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

19. Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Said allegations are denied insofar as they may be construed as being against Officer Defendants.

20. This paragraph is not directed toward Officer Defendants and, therefore, no response is required. Also, Officer Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. Said allegations are denied insofar as they may be construed as being against Officer Defendants

21. Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

22. Officer Defendants neither admit nor deny the allegations contained in

this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

23. Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

24. Officer Defendants neither admit nor deny the allegations contained in this paragraph but leave plaintiff to his proofs. To the extent the allegations suggest any wrongdoing by the Officer Defendants the allegations are denied.

25. **Relief Sought:** To the extent that paragraphs (a)-(h) are directed at them, Officer Defendants deny the allegations in these paragraphs of the Complaint. Moreover, all claims for damages brought pursuant to 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, against Officer Defendants in their official capacities, and all claims for injunctive relief against Officer Defendants, have been dismissed pursuant to the Court's May 31, 2024 Order (ECF No. 39) and, therefore, require no response.

26. This paragraph includes a statement that requires no response. Officer Defendants otherwise deny all other allegations and claims that may not have been specifically addressed above, if any.

**WHEREFORE**, Officer Defendants demand judgment in their favor and against Plaintiff and seek a dismissal of the Complaint with prejudice, along with counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to him by the Constitution or federal and state laws.

### THIRD AFFIRMATIVE DEFENSE

Defendants are public officials and at all times acted pursuant to the lawful authority vested in them by the government. All acts performed were the result of the appropriate exercise of Defendants' legitimate authority and/or discretion.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages were solely and/or partially proximately caused by Plaintiff's own conduct, which was negligent, intentional and/or otherwise culpable, barring his recovery or giving rise to comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set off against any claim asserted by Plaintiff of all such sums that have been paid or funded on Defendants' behalf for Plaintiff's benefit.

### SIXTH AFFIRMATIVE DEFENSE

Defendants did not know, and were not reasonably expected to know, that any actions taken by them with respect to Plaintiff, at all times relevant hereto, were in violation of Plaintiff's constitutional rights, if any such violations ever occurred.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the injuries alleged in the Complaint are not the foreseeable consequences of Defendants' conduct and are too remote and/or speculative to warrant a recovery against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over the within controversy, including, but not limited to, for lack of standing, mootness and/or ripeness.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are entitled to Eleventh Amendment sovereign immunity on some or all of Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking punitive damages as a matter of law, and Defendants did not act with evil motive/intent or reckless or callous indifference to Plaintiff's legally-protected rights.

**ELEVENTH AFFIRMATIVE DEFENSE**

Recovery is barred in this action as there was no conduct nor any custom, policy or practice that creates liability under 42 U.S.C. § 1983; nor is there a legal basis to bring such claims for several reasons, including, but not limited to, lack of amenability to suit under the civil rights statutes for Defendants because they are not considered a "person" and due to a lack of personal culpable conduct shown against them.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies as required under all applicable federal and state laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants owed no legal duty to Plaintiff under all relevant circumstances.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands; waiver; collateral estoppel; *res judicata*; and/or the entire controversy doctrine.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries are the result of intervening or superseding causes produced by the acts or omissions of Plaintiff and/or third parties, including, but not limited to, private persons and entities and/or other governmental officials and entities. Even so, Defendants' conduct was not negligent and/or culpable, nor did it proximately cause Plaintiff's injuries.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by Plaintiff's failure to comply with the applicable statute(s) of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants breached no duty owed to Plaintiff and were otherwise not negligent nor proximately caused Plaintiff's alleged damages and injuries.

### TWENTIETH AFFIRMATIVE DEFENSE

Recovery is barred in this action because Defendant is entitled to all applicable absolute immunities under federal and state laws, including, but not limited to, those set forth under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Recovery is barred in this action because Defendants are entitled to qualified immunity under federal and state laws.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants took no action at any time to deprive Plaintiff of any federal or state constitutional or statutory right of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants acted on reasonable grounds, with probable cause, in good faith, for legitimate and non-retaliatory reasons, without malice, and within the scope of his authority.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint and its requests for relief are barred by one or more of the provisions, immunities, defenses and the like of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:14-4, which are all incorporated by reference herein, as well as all applicable common law and other statutory principles and immunities.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions or other contributory or concurrent conditions or factors that were

beyond Defendants' control, including events occurring prior or subsequent to the occurrence that contributed to the basis for Plaintiff's requested damages against Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The injuries alleged in the Complaint are not the foreseeable consequences of any act or omission and/or commission or conduct on behalf of Defendants and are too remote and/or speculative to warrant a recovery against Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer to assert additional affirmative defenses throughout this matter.

### NOTICE PURSUANT TO FED. R. CIV. P. 5

TAKE NOTICE that pursuant to the above-cited Rule of Civil Procedure, that each party herein deriving or receiving pleadings, deposition transcripts, discovery requests, interrogatories, correspondence and other documents within the scope of Fed. R. Civ. P. 5, is hereby requested to serve same upon the undersigned attorney, whether or not they were received or served prior to or after the filing date of this Answer.

### DEMAND FOR DISCOVERY

Answering Defendant hereby demands that Plaintiff provide Rule 26 disclosures as required by the Federal Rules of Civil Procedure.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Officer Defendants demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

      The Court is advised that Brandon D. Minde, Esq., is hereby designated as trial counsel in this matter.

DUGHI HEWIT & DOMALEWSKI, P.C.

By:/s/ *Brandon D. Minde*_____
Brandon D. Minde, Esquire
NJ Attorney ID: 027972004
340 North Avenue
Cranford, New Jersey 07016
*Counsel for Defendants,*
*Corrections Officer Lonnie Wiggins and*
*Corrections Officer Earl Walker*

DATE: June 28, 2024

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

I certify, in accordance with Local Civil Rule 11.2, that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge. Also, to the best of my knowledge, no other action or arbitration proceeding is contemplated. Further, I know of no other parties that should be joined in the above action.

DUGHI HEWIT & DOMALEWSKI, P.C.

By:/s/ Brandon D. Minde
Brandon D. Minde, Esquire
NJ Attorney ID: 027972004
340 North Avenue
Cranford, New Jersey 07016
*Counsel for Defendants,*
*Corrections Officer Lonnie Wiggins and*
*Corrections Officer Earl Walker*

DATE: June 28, 2024

## **CERTIFICATION OF SERVICE**

Please take notice that on June 28, 2024, the within Answer was electronically filed with the clerk of the United States District Court for the District of New Jersey via the CM/ECF system.  In addition, a copy of this filed Answer was served simultaneously to all counsel of record via the CM/ECF system.  Finally, a copy of this filed Answer was sent via regular and certified mail, return receipt requested, to Plaintiff at the following address:

Pietro Parisi (#705)
Special Treatment Unit
8 Production Way, P.O. Box 905
Avenel, New Jersey 07001

DUGHI HEWIT & DOMALEWSKI, P.C.

By:*/s/ Brandon D. Minde*_____
Brandon D. Minde, Esquire
NJ Attorney ID: 027972004
340 North Avenue
Cranford, New Jersey 07016
*Counsel for Defendants,*
*Corrections Officer Lonnie Wiggins and*
*Corrections Officer Earl Walker*

DATE: June 28, 2024